UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-249-RJC

| DAVID ALEXANDER BOWIE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| TODD PINION, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court for periodic status review and upon receiving a notice from the North Carolina Department of Public Safety that Plaintiff was released from the Department's custody on July 18, 2012. (Doc. No. 4). Plaintiff filed this action on April 24, 2012, pursuant to 42 U.S.C. § 1983, naming as Defendants various officials at Lanesboro Correctional Institution. Plaintiff alleges that Defendants failed to protect him from assaults by other inmates while he was incarcerated at Lanesboro, and that medical staff was deliberately indifferent to his serious medical needs when he requested to be treated for his injuries from the assaults.

Plaintiffs have a general duty to prosecute their cases. In this regard, a pro se plaintiff must keep the Court apprised of his current address. See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988). The current listed address for Plaintiff is Warren Correctional Institution in Manson, North Carolina. Plaintiff's failure to keep the Court informed of his new address constitutes a failure to prosecute.

Rule 41(B) of the Federal Rules of Civil Procedure allows the district court to dismiss an action "[f]or failure of the plaintiff to prosecute." FED. R. CIV. P. 41(B). Before dismissing a

1

case for failure to prosecute, a district court must consider the following factors: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." Hillig v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990).

Here, considering the four factors above, the Court finds that dismissal is appropriate. Most significantly here, Plaintiff will not be prejudiced because the dismissal will be without prejudice, and Plaintiff still has time to re-file before the statute of limitations runs on his claim. Accord Walker v. Moak, Civil Action No. 07-7738, 2008 WL 4722386 (E.D. La. Oct. 22, 2008) (dismissing without prejudice a §1983 action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure where the plaintiff did not notify the court of his new address upon his release from jail).

**IT IS, THEREFORE, ORDERED that:**

1. This action is dismissed without prejudice.
2. The Clerk is directed to terminate the case.

Signed: December 3, 2013

Robert J. Conrad, Jr.
United States District Judge